**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mayda Nix, et al., | No. CV-06-43-PHX-SMM |
| Plaintiffs, | **ORDER** |
| vs. | |
| SmithKline Beecham Corporation d/b/a GlaxoSmithKline, et al., | |
| Defendants. | |

Defendant GlaxoSmithKline has moved for summary judgment. Dkt. #105. Plaintiffs have responded and Defendant has replied. Dkt. ##111, 130. Defendant also has filed a motion to strike Plaintiffs' response. Dkt. #124. The Court will grant the motion for summary judgment and deny the motion to strike as moot.[1]

**I.    Background.**

GlaxoSmithKline ("GSK") manufactures Serevent, a prescription drug used to treat asthma patients. Christopher Nix was prescribed Serevent by Dr. John Hoehne in July 1998. Mr. Nix had an asthma attack and died on October 23, 1999.

---

[1] Because the parties's briefs have thoroughly discussed the law and evidence, the Court finds that oral argument will not aid its decision in this matter. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

Plaintiffs are the surviving mother and child of Mr. Nix. Plaintiffs claim that Mr. Nix died from an adverse reaction to Serevent. Plaintiffs allege that Defendant GSK is liable because it failed to provide adequate warnings of the risks associated with Serevent. The complaint asserts ten claims based on Defendant's alleged failure to warn: strict liability, negligence, express warranty, breach of implied warranty of merchantability, breach of warranty of fitness for a particular purpose, misrepresentation, fraudulent misrepresentation, fraud, negligent suppression, and fraudulent suppression. Dkt. #1-3.

## II.    Summary Judgment Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Summary judgment may be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.   Defendant's Summary Judgment Motion.

Defendant asserts that each of Plaintiffs' claims is premised on an alleged failure to warn – an assertion Plaintiffs do not dispute – and that summary judgment is warranted because GSK provided adequate warnings and, in any event, Plaintiffs cannot prove that inadequate warnings caused Mr. Nix's death. Defendant also argues that Plaintiffs' claims are time-barred and that the Court should exclude the testimony of Plaintiffs' experts.

The Court concludes that Plaintiffs have not demonstrated a genuine issue of material fact on whether Mr. Nix's death was caused by Defendant's alleged failure to warn. Because this conclusion is sufficient for summary judgment, the Court need not address Defendant's other arguments.

**A.     Choice of Law.**

This is a diversity action, and the Court therefore must apply Arizona's choice-of-law rules. *See Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). Arizona has adopted the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws. *See Bates v. Super. Ct.*, 749 P.2d 1367, 1369 (Ariz. 1988); *Garcia v. GM Corp.*, 990 P.2d 1069, 1075-76 (Ariz. Ct. App. 1999). Under this test, the law of the state that has the most significant relationship to an issue will apply. *Id.*

Defendant argues that California law applies to Plaintiffs' claims. Dkt. #105 at 14-15. Plaintiffs do not disagree, but state that either California or Arizona law may be applied. Dkt. #111 at 10.

California clearly has the most significant contacts with this case. Plaintiffs are residents of California. Christopher Nix was prescribed Serevent in California. Mr. Nix died in California. Arizona's only connection to this case is that Defendant does business here, but that business has nothing to do with this case. Accordingly, the Court will apply California law in ruling on Defendant's motion.

**B.     California Law Governing Failure-to-Warn Claims.**

"California follows the learned intermediary doctrine, which states that in the case of prescription drugs, the duty to warn 'runs to the physician, not the patient.'" *Motus v. Pfizer Inc.*, 196 F. Supp. 2d 984, 990 (C.D. Cal. 2001) (quoting *Carlin v. Super. Ct.*, 920 P.2d 1347, 1354 (Cal. 1996)); *see Plummer v. Lederle Labs.*, 819 F.2d 349, 356 (2d Cir. 1987) (prescription drug manufacturers "are required to warn only the prescribing physician, who acts as a 'learned intermediary' between the manufacture and consumer") (citing California law). "[A] manufacturer discharges its duty to warn if it provides adequate warnings to the physician about any known or reasonably knowable dangerous side effects[.]" *Motus*, 920 P.2d at 991. A plaintiff asserting failure-to-warn claims must prove that no warning or an inadequate warning was provided to the prescribing physician. *Id.*

California law also requires proof that "the inadequacy or absence of the warning

1  caused the plaintiff's injury." *Id.* (citing *Plummer*, 819 F.2d at 358); *see Ramirez v. Plough, Inc.*, 863 P.2d 167, 177 (Cal. 1993) (requiring "causal connection between the representations or omissions that accompanied the product and plaintiff's injury"); *Lord v. Sigueiros*, No. CV 040243, 2006 WL 1510408, at *3 (Cal. Super. Ct. Apr. 26, 2006) (stating that "causation is an essential element" of failure-to-warn claims). The plaintiff can establish causation by showing that the lack of an adequate warning was a "substantial factor" in bringing about the injury. *See Rutherford v. Owens-Illinois, Inc.*, 941 P.2d 1203, 1214 (Cal. 1997). California, unlike some other states, has not adopted a rebuttable presumption that the physician would have heeded an adequate warning. *See Motus*, 196 F. Supp. 2d at 991-95; *Lord*, 2006 WL 1510408, at *3-4 (rejecting the "heeding presumption" and stating that *Motus* accurately summarizes California law); *see also Dimond v. Caterpillar Tractor Co.*, 134 Cal. Rptr. 895, 902 & n.8 (Cal. Ct. App. 1976) (declining to shift the burden of proof on causation to the defendant). Because California has not adopted the presumption, "the plaintiff in a prescription drug case bears the full burden of proving through affirmative evidence that the inadequate warning was the proximate cause of the injury, or, in other words, that an adequate warning to the prescribing physician would have altered the physician's conduct." *Motus*, 196 F. Supp. 2d at 991.

**C.     Analysis.**

Defendant argues that Plaintiffs in this case, like the plaintiff in *Motus*, have no evidence suggesting that additional warnings would have changed the prescribing physician's conduct. Dkt. #105 at 9-10, 17-20. In *Motus*, the plaintiff's husband committed suicide shortly after being prescribed the antidepressant Zoloft. The plaintiff claimed that Zoloft's manufacturer, Pfizer Inc., was liable because it failed to provide adequate warnings of risks associated with the drug. The district court granted summary judgment in Pfizer's favor, holding that the plaintiff had failed to create a triable issue on causation because the prescribing physician testified that he did not rely on information from Pfizer in making his decision to prescribe Zoloft. *Motus*, 196 F. Supp. 2d at 996. The Ninth Circuit affirmed, agreeing with the district court's conclusion that the plaintiff had "failed to establish a

sufficient causal link between her husband's suicide and Pfizer's conduct." *Motus v. Pfizer Inc.*, 358 F.3d 659, 660 (9th Cir. 2004).

The evidence in support of causation is no stronger in this case than it was in *Motus*. Plaintiffs have provided no evidence that Dr. Hoehne would have acted differently had additional warnings been made. Plaintiffs assert that Dr. Hoehne admitted during his deposition that he may not have prescribed Serevent to Mr. Nix if he had been adequately informed of the risks associated with its use (Dkt. ##111 at 21, 113 ¶ 53), but the cited testimony does not support this assertion.

Dr. Hoehne, like the prescribing physician in *Motus*, testified that he obtains information about prescription drugs from various sources, including his professional experience and training, published medical journals, national allergy meetings, and discussions with colleagues. Dkt. #114-9, Dep. at 22-25. Dr. Hoehne further testified that while he considers information provided by drug manufacturers, he relies primarily on medical journals and national meetings in deciding whether to prescribe a drug. *Id.* at 43, 61, 78-79, 105. With respect to Serevent, Dr. Hoehne testified that despite Mr. Nix's death and updated warnings from Defendant, he continues to prescribe Serevent for his patients because he believes Serevent is a safe and effective medicine for the treatment of asthma. *Id.* at 33-37, 57-60. Because Dr. Hoehne assigns little weight to information provided by drug manufacturers and continues to prescribe Serevent for his patients, Plaintiffs have not shown that Dr. Hoehne would have acted differently in his treatment of Mr. Nix had additional warnings been made. *See Motus*, 196 F. Supp. 2d at 996.

Dr. Hoehne did testify that he would have liked to have known more about deaths associated with Serevent and that generally the lack of accurate information about potential side effects makes it difficult to perform a risk-benefit analysis. *See* Dkt. #114-9, Dep. at 84:3-11, 107:3-13, 112:13-24. But merely raising the possibility that Dr. Hoehne might have acted differently is not enough to satisfy Plaintiffs' burden of proof on causation. As noted above, Plaintiff must provide "*affirmative evidence*" that "an adequate warning to the prescribing physician *would have* altered the physician's conduct." *Motus*, 196 F. Supp. 2d

at 991 (emphasis added). Plaintiffs "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Plaintiffs must come forward with evidence from which "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Plaintiffs have provided no such evidence on the issue of causation.[2]

Plaintiffs attempt to create a question of fact by noting that the prescription practices of Defendants' experts changed in response to additional warnings about Serevent. Plaintiffs also assert that Mr. Nix's treating physician, Dr. Julie Tominaga, may have taken Mr. Nix off Serevent had she received adequate warnings about the drug. Dkt. #111 at 21. But evidence as to how physicians other than Dr. Hoehne would have reacted to additional warnings "is irrelevant to the learned intermediary analysis." *Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 766 (W.D. La. 2000). Moreover, Plaintiffs have presented no evidence that Dr. Tominaga could have or would have overruled a decision by Dr. Hoehne – the asthma specialist – to prescribe Serevent to Mr. Nix.

**D.     Conclusion.**

Under applicable California law, Plaintiffs must show that additional warnings would have caused Dr. Hoehne not to prescribe Serevent for Mr. Nix. Even construed in Plaintiffs' favor, the evidence does not support such a finding. Plaintiffs have failed to demonstrate a genuine issue for trial and summary judgment is appropriate. *See Motus*, 196 F. Supp. 2d at 996; *Grenier*, 99 F. Supp. 2d at 766 ("Plaintiffs have submitted no proof to show how [the prescribing physician] would have reacted given a [stronger] warning . . . . Thus, Plaintiffs cannot clear the hurdle imposed by the learned intermediary doctrine."); *see also Matsushita*, 475 U.S. at 587 ("Where the record taken as a whole could not lead a rational trier of fact to

---

[2]During his deposition in this case, Dr. Hoehne was instructed by his lawyer not to answer the question of whether he stood by his decision to prescribe Serevent for Mr. Nix. Dkt. #114-9, Dep. at 47:4-13. Had Plaintiffs wanted an answer to this question, they could have sought the Court's assistance. They did not do so, and as the party with the burden of proof on causation they must stand or fall on the testimony Dr. Hoehne provided or failed to provide. *See Motus*, 196 F. Supp. 2d at 998.

- 6 -

1 find for the non-moving party, there is no 'genuine issue for trial.'") (citation omitted).

2 **IV.     Defendant's Motion to Strike.**

3 Defendant asks the Court to strike Plaintiff's response and statement of facts for 4 failure to comply with the Court's local rules of civil procedure. Dkt. #124. Local Rule 56.1 5 provides that memoranda of law filed in opposition to a summary judgment motion "shall 6 include citations to the specific paragraph in the statement of facts that supports factual 7 assertions made in the memoranda." LRCiv 56.1(e). The rule further provides that each 8 paragraph of the statement of facts shall refer to "the specific admissible portion of the record 9 supporting the party's position[.]" LRCiv 56.1(b).

10 Plaintiffs' opposition papers do not comply with Rule 56.1. The response does not 11 cite to paragraphs in the statement of facts, and the citations Plaintiffs do provide often refer 12 to large documents without pinpoint citations. The difficulty was compounded by the fact 13 that Plaintiffs' briefs frequently mis-cited exhibits and their supplemental filings rely on 14 evidence not cited in the original papers. *See* Dkt. ##135-36, 140-41.

15 The Court is not obligated to "'scour the record in search of a genuine issue of triable 16 fact.'" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citation omitted). The Court 17 nonetheless reviewed the record with care and determined, as explained above, that Plaintiffs 18 have failed to adduce evidence of causation.

19 Given the Court's summary judgment ruling, the Court will deny Defendant's motion 20 to strike. In future litigation before this Court, however, Plaintiffs' counsel shall comply 21 more carefully with the local rules.

22 **V.     Conclusion**

23 Accordingly, in light of the reasons set forth above,

24 //
25 //
26 //
27 //
28 //

**IT IS ORDERED:**

    1.    Defendant's motion for summary judgment (Dkt. #105) is **GRANTED**.

    2.    Defendant's motion to strike (Dkt. #124) is **DENIED**.

    4.    The John Doe Defendants are **DISMISSED**.

    5.    The Clerk shall **TERMINATE** this action.

DATED this 5th day of September, 2007.

*/s/ Stephen M. McNamee*
Stephen M. McNamee
United States District Judge