**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mayda Nix, et al., | No. CIV 06-43-PHX-SMM |
| Plaintiffs, | **ORDER** |
| vs. | |
| SmithKline Beecham Corporation d/b/a GlaxoSmithKline, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Reconsideration filed with the Court on September 19, 2007, and brought pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. 153). Plaintiffs seek reconsideration of this Court's Order of September 5, 2007 (Dkt. 147), whereby the Court granted Defendants' motion for summary judgment. For the reasons given below, Plaintiffs' motion is denied.

**BACKGROUND**

GlaxoSmithKline ("Defendant") manufactures Serevent, a prescription drug used to treat asthma patients. Christopher Nix was prescribed Serevent by Dr. John Hoehne in July 1998. Mr. Nix had an asthma attack and died on October 23, 1999.

Plaintiffs are the surviving mother and child of Mr. Nix. Plaintiffs claim that Mr. Nix died from an adverse reaction to Serevent. Plaintiffs allege that Defendant is liable because it failed to provide adequate warnings of the risks associated with Serevent. On September 5, 2007, the Court granted Defendant's motion for summary judgment on the grounds that

Plaintiffs provided insufficient evidence on the issue of causation. On September 19, 2007, Plaintiffs filed the Motion for Reconsideration which is presently before the Court.[1]

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider," but a litigant subject to an adverse judgment may file a motion to alter or amend the judgment under Rule 59(e). Under the "law of the case doctrine," courts do not "reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001). A court may have discretion to depart from the law of the case and reexamine an issue where: (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997). A district court abuses its discretion when it applies the doctrine of the law of the case without one of these five requisite conditions. Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993). A motion for reconsideration may not be used to ask the Court "to rethink what the court had already thought through – rightly or wrongly." See Defenders of Wildlife v. Ballard, 73 F. Supp. 2d 1094, 1115 (D. Ariz. 1999) (citations omitted).

## DISCUSSION

Plaintiffs seek reconsideration of the Court's application of the Learned Intermediary doctrine and the Court's interpretation of cases cited in the Order granting summary judgment. Plaintiffs' motion does not identify its basis for reexamining the issues, but the Reply asserts that reconsideration is necessary to prevent manifest injustice. The Court disagrees.

//

//

---

[1] Plaintiffs requested oral argument in connection with their motion. Because the parties' briefs have thoroughly discussed the law and evidence, the Court finds that oral argument will not aid its decision in this matter. See Mahon v. Credit Bur. of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999).

**A. The Learned Intermediary Doctrine**

Plaintiffs first argue that the Order "thwart[s]" the purpose of the Learned Intermediary Doctrine. (Pl.'s Mot. for Recons. 14.) Plaintiffs assert that Dr. Tominaga (Nix's treating physician) not Dr. Hoehne (the prescribing physician), should have been treated as a Learned Intermediary because Dr. Tominaga had a closer relationship to Nix. (Id. at 3-5.) Plaintiffs assert that the intent of the Learned Intermediary Doctrine "presupposes" a close relationship between patient and doctor, and "manifest injustice" would result if Dr. Hoehne was identified as the learned intermediary. (Pl.'s Reply at 5.) Plaintiffs support their contention with a couple of law review articles and language from a New Mexico state court opinion, none of which are binding on the Court, let alone indicative of manifest injustice.

Regardless of the "intent" of the Learned Intermediary Doctrine, Plaintiffs do not dispute that the learned intermediary is the physician who prescribed the medication at issue. Indeed, the very paragraphs Plaintiffs cite to illustrate the "intent" of the Learned Intermediary Doctrine contain the following: "[t]he requirement that only *the physician who prescribes* an inherently dangerous drug need be warned (and not his patient), has been explained as follows: . . . [p]hamaceutical companies . . . are required to warn only the *prescribing physician*, who acts as a 'learned intermediary' between manufacturer and consumer." Jones v. 3M Co., 669 P.2d 744, 760-61 (N.M. App. 1983) (Lopez, J., concurring) (emphases added). Plaintiffs' allegation that the intent of the Learned Intermediary Doctrine has been thwarted is therefore insufficient to show "manifest injustice" in light of the established application of that doctrine.

Plaintiffs also allege that Dr. Hoehne is not a learned intermediary due to the absence of informed consent, and because he is improperly biased in favor of Defendants. (Pl.'s Mot. for Recons. 5-9.) Plaintiffs did not raise these issues in their discussion of the Learned Intermediary Doctrine as it related to the motion for summary judgment, and the issues are not based on newly-discovered evidence. In similar fashion, Plaintiffs argue that Hoene's testimony is equivocal and creates a genuine issue of material fact. (Id. at 9-12.) The Court declines to address these issues which are raised for the first time in the motion for reconsideration. See 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

**B. Application of <u>Motus</u> and <u>Grenier</u>**

Plaintiffs also argue that the facts of this case "render . . . the [C]ourt's interpretation of both <u>Motus</u> and <u>Grenier</u> inapposite." (Pl.'s Mot. for Recons. 2.) Plaintiffs do not suggest why reconsideration is warranted, as "manifest injustice" is first suggested in Plaintiffs' Reply and the Reply does not mention the Court's interpretation of these cases. Nonetheless, the Court will address why reconsideration of the <u>Motus</u> and <u>Grenier</u> is unwarranted.

The Court relied on <u>Motus v. Pfizer Inc.</u>, 196 F. Supp. 2d 984 (C.D. Cal. 2001) in construing California failure-to-warn law. Based in part on that case, the Court determined that Plaintiffs failed to demonstrate that additional warnings would have caused Dr. Hoehne not to prescribe Serevent for Nix. (Dkt. 147 at 6.) Summary judgment was appropriate because Plaintiffs had provided insufficient evidence on the issue of causation. (<u>Id.</u>) Plaintiffs now argue for an alternative method of proving causation, based on a parenthetical reference in <u>Motus</u> to "any reasonable physician," by showing that any reasonable physician would have acted differently given the same circumstances. (Pl.'s Mot. for Recons. 14.) Plaintiffs do not cite any authority for this alternative interpretation of California law, and a less selective reading of <u>Motus</u> confirms that causation can be established only by showing that the prescribing physician would have acted differently. See <u>Motus</u>, 196 F. Supp. 2d at 992 ("[Defendant] may prevail by showing that Plaintiff lacks evidence establishing that an adequate warning would have affected [the prescribing doctor's] decision to prescribe [the drug at issue]."). Moreover, Plaintiffs' did not raise this argument in response to Defendants' motion for summary judgment, though Plaintiffs addressed <u>Motus</u> in some depth. (Pl.'s Resp. to Mot. for Summ. J. 16-17.)

The Order granting summary judgment cites <u>Grenier v. Med. Ing'g Corp.</u>, 99 F. Supp. 2d 759 (W.D. La. 2000) for the proposition that objective evidence is irrelevant to the issue of causation. (See Order Dated Sept. 5, 2007, Dkt. 107, at 6.) Plaintiffs take this reference and now argue that Fifth Circuit cases "upon which the <u>Grenier</u> court relied" allow causation to be shown by objective evidence. (Pls.' Mot. for Recons. 13.) Although a footnote in <u>Grenier</u> cites a case which permits objective evidence of causation, <u>Grenier</u> also noted that the case had

- 4 -

applied Mississippi law. Methods of establishing causation under Mississippi law are not at issue in this case, and California law requires subjective evidence to establish causation. To the extent Plaintiffs assert otherwise, they are mistaken.

**CONCLUSION**

Plaintiffs request that the Court reexamine the Learned Intermediary Doctrine and the interpretation of <u>Motus</u> and <u>Grenier</u> fails to establish one of the requisite conditions for departing from the law of the case. Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiffs' Motion for Reconsideration. (Dkt. 153.)

DATED this 27th day of November, 2007.

Stephen M. McNamee
United States District Judge